UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS FRAGOSO,

                          Plaintiff,                    **ANSWER**

          -against-                  Docket No. 07-CV-11106(AKH)(MHD)

                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE COMMISSIONER RAYMOND W.
KELLY, DEPUTY INSPECTOR DAVID COLON,
POLICE OFFICER GILBERTO ORTIZ, JOHN
DOE# 1-3,

                          Defendants.
------------------------------------------------------------X

       Defendants City of New York, Raymond W. Kelly, David Colon and Gilberto Ortiz, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.      Deny the allegations as set forth in paragraph "2" of the Complaint.

       3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

       5.      Deny the allegations set forth in paragraph "5" of the Complaint.

       6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and was the Commissioner of the New York City Police Department on November 17, 2006, and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that David Colon was employed by the City of New York as the Commanding Officer of the 23rd Precinct, on November 17, 2006, and that plaintiff purports to sue him as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Paragraph "12" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. In response to the allegations set forth in paragraph "20" of the Complaint,

defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. In response to the allegations set forth in paragraph "23" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

**AS AN FOR A FIRST AFFIRMATIVE DEFENSE**

41. The Complaint fails to state a claim upon which relief can be granted.

**AS AN FOR A SECOND AFFIRMATIVE DEFENSE**

42. Defendants City of New York, Raymond Kelly, David Colon and Gilberto Ortiz have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AN FOR A THIRD AFFIRMATIVE DEFENSE**

43. There was probable cause for plaintiff's arrest/detention.

**AS AN FOR A FOURTH AFFIRMATIVE DEFENSE**

44. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AN FOR A FIFTH AFFIRMATIVE DEFENSE**

45. Defendants Commissioner Kelly and Deputy Inspector Colon had no personal involvement in any incidents alleged in plaintiff's Complaint.

- 5 -

### AS AN FOR A SIXTH AFFIRMATIVE DEFENSE

46. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

47. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AN FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendants have governmental immunity from liability.

### AS AN FOR A NINTH AFFIRMATIVE DEFENSE

49. Punitive damages cannot be awarded against the City of New York.

### AS AN FOR A TENTH AFFIRMATIVE DEFENSE

50. Plaintiff has failed to comply with the statutory requirements of New York General Municipal Law § 50.

### AS AN FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in part, by the applicable Statute of Limitations.

**WHEREFORE**, defendants request judgment dismissing the Complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 31, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorney for defendants City of New York,
                        Police Commissioner Raymond Kelly,
                        Deputy Inspector David Colon and
                        Police Officer Gilberto Ortiz
                        100 Church Street, 6-308
                        New York, New York 10007
                        (212) 442-0832

        By:    /s/ Hugh A. Zuber
                HUGH A. ZUBER (HZ 4935)
                Assistant Corporation Counsel
                Special Federal Litigation Division

TO:  Nicole Bellina, Esq.
     Stoll, Glickman & Bellina, LLP
     71 Nevins Street
     Brooklyn, NY 11217